IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Nathaniel Johnson a/k/a Nathaniel Johnson, Jr., #211574, | ) | C/A No.: 1:13-1794-RMG-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Warden Joseph McFadden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Nathaniel Johnson a/k/a Nathaniel Johnson, Jr., is an inmate at the Lieber Correctional Institution of the South Carolina Department of Corrections who filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.   This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.) for a Report and Recommendation on Respondent's (1) original return and motion for summary judgment [Entry #26, #25], to which Petitioner timely filed a response [Entry #30]; and (2) amended return and amended motion for summary judgment [Entry #33, #34], to which Petitioner timely filed a response [Entry #37].

Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's motion and amended motion for summary judgment be granted, and Petitioner's motion for a hearing [Entry #30] be denied.

I.    Factual Background

At Petitioner's trial, a 34-year old victim testified that on February 7, 2006, she was home alone when Petitioner knocked on her door and asked to use her telephone. Petitioner

dialed the telephone and asked the victim to take a message. She turned around for paper and a pencil and turned back around to Petitioner's holding a gun in her face. Petitioner directed the victim to the bedroom at gunpoint and raped her. Eventually, the victim managed to run outside and find two workmen who called the police. The police collected samples at the scene. A rape kit performed on the victim revealed Petitioner's DNA was contained in a sample from her home and on samples taken from her body.

II.    Procedural Background

Petitioner was indicted by the Beaufort County grand jury during the September 2006 term of court for (1) kidnapping (2006-GS-07-1640) [Entry #26-3 at 163–64], (2) criminal sexual conduct in the first degree ("CSC 1st") (2006-GS-07-1641) [Entry #26-3 at 161–62], (3) burglary in the first degree (2006-GS-07-1642), and (4) use of a firearm during the commission of a violent crime (2006-GS-07-1643).[1] He was represented by Stephanie Smart-Giddings, Esq., at a jury trial on March 12–14, 2007, before the Honorable Howard P. King. [Entry #26-1 at 3 *et seq.*]. The jury found Petitioner guilty of kidnapping and CSC 1st and not guilty on the burglary and firearm charges. [Entry #26-3 at 22–23].    Judge King sentenced Petitioner to concurrent terms of 30 years each for kidnapping and CSC 1st. [Entry #26-3 at 31–32].

Petitioner appealed his convictions and sentences to the South Carolina Court of Appeals ("Court of Appeals"). On appeal, Petitioner was represented by Lanelle C. Durant, Esq., of the South Carolina Commission on Indigent Defense, Division of Appellate Defense, who filed a merits brief on or about April 7, 2008, raising the following issue:

---

[1] The indictments for the burglary and firearm charge do not appear in the record.

"Did the trial court err in failing to grant the mistrial motion when the evidence of a prior bad act was not admissible?" [Entry #26-3 at 39].

On December 11, 2008, the Court of Appeals filed an unpublished decision affirming the convictions. [Entry #26-6]. The remittitur was issued on December 30, 2008. [Entry #26-7].

Petitioner filed an application for post-conviction relief ("PCR") on March 9, 2009. [Entry #26-3 at 53–59]. The PCR application raised the following issues:

> 1.      Prosecutorial misconduct in that prosecutors may conceal evidence or misrepresent or influence juries by impugning the character of witnesses; courts have been more concerned prosecutors who use their discretion in a vindictive manner to punish defendants who exercise their legal rights;
>
> 2.      Violation of due process of law which includes preindictment lineups, booking procedures, Grand Jury investigations, appeal beyond the first review, disciplinary proceedings in correctional institutions, postrelease revocation hearings.
>
> 3.      Ineffective assistance of counsel in that counsel did not object in a timely manner or represent best interest of client; lame to the law; defendant exercised his Miranda rights; in the pretrial services I've been appointed Mr. Bell as attorney. Defendant exercised his legal rights in request for relief of counsel which was granted.   They appointed Mrs. Stephanie Smart from the same office which was bias and prejudice. Therefore, defendant could not be properly represented with guarantee due process of law.

[Entry #26-3 at 54–57].

A PCR evidentiary hearing was held before the Honorable D. Craig Brown on August 30, 2011, at which Petitioner and his PCR counsel, Timothy M. Wogan, Esq., appeared. [Entry #26-3 at 65–124].   Judge Brown noted that because no testimony was presented on Petitioner's claims for prosecutorial misconduct and due process violations,

he was dismissing them. *Id.* at 122.   On October 17, 2011, Judge Brown filed an order of dismissal on Petitioner's claim for ineffective assistance of counsel. *Id.* at 152–59.

Petitioner appealed from the denial of PCR and was represented by Robert M. Pachak, Esq., of the South Carolina Commission on Indigent Defense, Division of Appellate Defense, who filed a petition for writ of certiorari in the South Carolina Supreme Court on or about May 4, 2012. [Entry #26-8]. The petition raised the following issue: "Whether trial counsel was ineffective in failing to object to the trial court's curative instruction after petitioner's character was twice put into issue because the instruction was not sufficient to cure the errors?" *Id.* at 3.

The Supreme Court of South Carolina denied the petition on June 5, 2013. [Entry #26-10].   The remittitur was issued on June 21, 2013. [Entry #26-11].

Petitioner filed this federal petition for a writ of habeas corpus on June 21, 2013. [Entry #1-1 at 1].[2]

Thereafter, Petitioner filed a second PCR application on June 25, 2013, in state court in which he raised the following grounds:

1.    Insufficient evidence to convict (matter of material facts / improper chain of          custody);
2.    Elements of the crimes (Not guilty as charge / false imprisonment);
3.    Ineffective Assistance of Counsel (Actual prejudice with no contemporaneous objections for issues to be preserved for review.

[Entry #33-1 at 3].

---

[2] The petition was received by the court on June 26, 2013, and docketed on July 9, 2013. However, because Petitioner is incarcerated, he benefits from the "prison mailbox rule." *Houston v. Lack*, 487 U.S. 266 (1988). The date stamp on his envelope reflects his petition was deposited in the Lieber Correctional mailing system on June 21, 2013. [Entry #1-1 at 1].

III.    Discussion

   A.    Federal Habeas Issues

Petitioner asserts he is entitled to a writ of habeas corpus on the following grounds:

**Ground One:** False imprisonment, insufficient evidence to convict.

> **Supporting facts:** I am not guilty as charge and the supporting facts are evidence of DNA. Kidnapping should have just been Trespassing. Improper chain of custody handling of DNA evidence and blood sample from defendant. CSC 1st should have been 1st degree Assault and Battery or Assault Battery with a High and Aggravated Nature.

**Ground Two:** Improper Chain of Custody with DNA evidence and Blood Sample.

> **Supporting facts:** Counsel's failure to contemporaneously object to chain of custody, failure to suppress evidence and stipulate on material factors most favorable to defendant, prejudice the outcome of defendant's case.

**Ground Three:** Actual prejudice of all court appointed attorneys. Failure to properly raise issues, contemporaneously object or preserve issue for review.

> **Supporting facts:** Violation of my Sixth Amendment to the U.S. Constitution the right to effective assistance of counsel. Lack of effective assistance, contemporaneous objections, and failure to preserve issues on record for review was indeed prejudice. Therefore, probative value outweighted the outcome of my case.

**Ground Four:** Prosecutorial misconduct, violations of my Fourth, Fifth, Sixth, and Fourteenth Amendment. Lack of evidence to convict.

> **Supporting facts:** Prosecutor's improper statement during closing argument. Insufficient evidence to convict. Not guilty argument. Insufficient evidence to convict. Not guilty as charged. No plea agreements, violations of due process under the equal protection of law status.

[Entry #1 at 4–9].

B.     Standard for Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).   "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).   "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."   *Id*.   At the summary judgment stage, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor.   *Id*. at 255.   However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e).

C.     Habeas Corpus Standard of Review

1.     Generally

Because Petitioner filed his petition after the effective date of the AEDPA, review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S.

320 (1997); *Noland v. French*, 134 F.3d 208, 213 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 410. Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### 2.    Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise

bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

### a.    Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

(b)    (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that—

(A)    the applicant has exhausted the remedies available in the courts of the State; or

(B)    (i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c)    An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.

The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A).  In South Carolina, a

8

person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR.   State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203 SCACR; S.C. Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976).   If the PCR court fails to address a claim as is required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP.   Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State,* 653 S.E.2d 266 (S.C. 2007).[3] Furthermore, strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

The United States Supreme Court has held that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"—which includes "petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999). This opportunity must be given by fairly presenting to the state court "both the operative facts and the controlling

---

[3] In *Bostick v. Stevenson*, 589 F.3d 160, 162–65 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007, decision in *Marlar*, South Carolina courts had not been uniformly and strictly enforcing the failure to file a motion pursuant to Rule 59(e), SCRCP, as a procedural bar.  Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

legal principles" associated with each claim. *Baker v. Corcoran,* 220 F.3d 276, 289 (4th Cir.2000)(internal citations omitted). That is to say, the ground must "be presented face-up and squarely." *Mallory v. Smith*, 27 F.3d 991, 995 (4th Cir.1994) (citation and internal quotation marks omitted).

The South Carolina Supreme Court has held that the presentation of claims to the state court of appeals without more is sufficient to exhaust state remedies for federal habeas corpus review. *State v. McKennedy,* 559 S.E.2d 850 (S.C. 2002); *see also In re Exhaustion of State Remedies in Criminal and Post–Conviction Relief Cases,* 471 S.E.2d 454 (S.C. 1990). The *McKennedy* court held that *In re Exhaustion* had placed discretionary review by the South Carolina Supreme Court "*outside* of South Carolina's ordinary appellate review procedure pursuant to *O'Sullivan*." 559 S.E.2d at 854.   As such, it is an "extraordinary" remedy under *O'Sullivan*, "technically available to the litigant but not required to be exhausted."   *Adams v. Holland*, 330 F.3d 398, 403 (6th Cir. 2003).

Because the South Carolina Supreme Court has held that presentation of certain claims to the Court of Appeals without more is sufficient to exhaust state remedies, a claim is not procedurally barred from review in this court for failure to pursue review in the South Carolina Supreme Court after an adverse decision in the Court of Appeals.

b.    Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner who seeks habeas corpus relief as to an issue failed to raise that issue at the appropriate time in state court and has no further means of bringing

that issue before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. Procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if the state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

The South Carolina Supreme Court will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar.   As the Supreme Court explains:

> . . . [state procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10–11 (1984).


3.   Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this court may consider claims that have not been presented to the states courts in limited circumstances in which a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting

11

from the failure, *Coleman*, 501 U.S. at 750, or by "prov[ing] that failure to consider the claims will result in a fundamental miscarriage of justice." *Lawrence v. Branker,* 517 F.3d 700, 714 (4th Cir.), *cert. denied,* 555 U.S. 868 (2008). A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id.* Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error.

4.     Ineffective Assistance of Counsel Claims

To prevail on his ineffective assistance of counsel claim, Petitioner must show (1) that his trial counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that but for counsel's error, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The court must apply a "strong presumption" that trial counsel's representation fell within the "wide range of reasonable professional assistance," and the errors must be "so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Harrington v. Richter*, 131 S.Ct. 770, 787 (2011). This is a high standard that requires a habeas petitioner to show that counsel's errors deprived him "of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. That the outcome would "reasonably likely" have been different but for counsel's error is not dispositive of

the prejudice inquiry. Rather, the court must determine whether the result of the proceeding was fundamentally unfair or unreliable. *Harrington*, 131 S.Ct. at 787–88; *Strickland*, 466 U.S. at 694.

The United States Supreme Court has cautioned that "'[s]urmounting *Strickland*'s high bar is never an easy task[,]' . . . [e]stablishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult." *Harrington*, 131 S.Ct. at 788 (quoting *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010)). When evaluating an ineffective assistance of counsel claim, the petitioner must satisfy the highly deferential standards of 28 U.S.C. § 2254(d) and *Strickland* "in tandem," making the standard "doubly" more difficult. *Harrington*, 131 S.Ct. at 788. In such circumstances, the "question is not whether counsel's actions were unreasonable," but whether "there is any reasonable argument that counsel satisfied *Strickland*'s deferential standards." *Id.* The unreasonableness of the state court determination must be "beyond any possibility of fairminded disagreement." *Id.* at 787. "If this standard is difficult to meet, that is because it was meant to be." *Id.* at 786. Section 2254(d) codifies the view that habeas corpus is a "'guard against extreme malfunctions in the state criminal justice system,' not a substitute for ordinary error correction through appeal." *Id.,* (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n. 5 (1979)).

D.    Analysis

1.    Procedurally-Barred Grounds

Respondent argues that Petitioner procedurally defaulted on all his claims.  The undersigned agrees.  To the extent that that these claims were not raised in Petitioner's

direct or PCR appeal, they were not fairly presented to the South Carolina appellate courts and are procedurally barred from federal habeas review. *See Coleman*, 501 U.S. 722 (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review).

The only issues Petitioner raised on appeal were (1) trial court error in failing to declare a mistrial when a witness mentioned Petitioner's arrest on unrelated charges, and (2) whether trial counsel was ineffective in failing to object to the trial court's curative instruction after petitioner's character was twice put into issue because the instruction was not sufficient to cure the prejudice. Because Petitioner's federal habeas grounds are not clearly articulated, but rather speak in generic terms, the undersigned is unable to glean the basis of his ineffective assistance of counsel claims. What remains clear is that all of Petitioner's ineffective assistance of counsel claims, other than counsel's alleged failure in objecting to the trial court's curative instruction, are procedurally barred on federal habeas review. Because Petitioner does not discuss in his petition or his responses to summary judgment his counsel's alleged failure in objecting to the trial court's curative instruction, it does not appear that he is pursuing that claim. However, for completeness sake, the undersigned will conduct a merits review of this claim, in case Petitioner meant to pursue it.

2.    Cause and Prejudice

Petitioner has not shown sufficient cause and prejudice to excuse the default of the defaulted claims. In all cases in which a state prisoner has defaulted his federal claims in

state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Petitioner has failed to meet this burden. Thus, they are procedurally barred from consideration by this court and should be dismissed. *Id.*; *see* 28 U.S.C. § 2254; *Rodriguez v. Young*, 906 F.2d 1153, 1159 (7th Cir. 1990) ("Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."); *Mazzell v. Evatt*, 88 F.3d 263, 269 (4th Cir. 1996) (holding that prejudice requires a petitioner to show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.); *Wainwright,* 433 U.S. at 88–91; *Murray*, 477 U.S. at 496; *Rodriguez*, 906 F.2d at 1159 (holding that a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent") (*citing Murray*); *Sawyer v. Whitley*, 505 U.S. 333, 348 (1992); *Bolender v. Singletary*, 898 F. Supp. 876, 881 (S.D. Fla. 1995).

The existence of cause must ordinarily turn on whether the prisoner can show some objective factor external to the defense impeded counsel's or his efforts to comply with the state's procedural rule.  *Murray*, 477 U.S. at 488. Petitioner fails to articulate cause for procedurally defaulting on these claims. Petitioner had a trial in which he raised no objection, had a direct appeal, a PCR hearing, and an appeal from the PCR in which to raise these issues.   However, he failed to raise them, raise them properly, or preserve the issues

for habeas review. Petitioner cannot establish cause and prejudice because he has abandoned the opportunities to preserve these issues.

In the alternative, Petitioner must show a miscarriage of justice. In order to demonstrate a miscarriage of justice, Petitioner must show he is actually innocent. Actual innocence is defined as factual innocence, not legal innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998). Petitioner cannot establish that the errors he complains of probably resulted in the conviction of an innocent person. *Sclup v. Delo*, 513 U.S. 298, 327 (1995). In order to pass through the actual-innocence gateway, a petitioner's case must be "truly extraordinary." *Id.* The court's review of the record does not support a showing of actual innocence.

During Petitioner's trial, the solicitor presented the facts recited in the Factual Background section above, along with the evidence that follows. Police questioned Petitioner, who denied having any involvement in the rape of the victim, claiming he was at work at a country club or golf course. Although Petitioner had been employed at a country club or golf course in the past, the police investigation revealed he was not employed at the time of the rape of the victim. The DNA analysis conducted on samples collected by the police at the scene and through a rape kit performed on the victim revealed Petitioner's DNA. Further, two workmen surveying the area nearby to the victim's residence saw a male matching the description of Petitioner riding a bicycle near the victim's residence shortly before the rape. After the rape, the victim ran to these workmen for help, and they called the police. Petitioner admitted to police that his preferred form of transportation was either walking or riding a bicycle. Petitioner did not testify at trial, but through his trial

counsel in her closing argument, maintained that he and the victim were having an affair. [Entry #26-2 at 131–44].

The record makes an assertion of actual innocence not credible. The undersigned finds Petitioner has failed to meet his burden of demonstrating actual innocence, and therefore, the procedural bars apply as to all his claims, aside from the one addressed below.

> 3.    Merits Review

Liberally construed, Petitioner may appear to be alleging that counsel was ineffective in failing to object to the trial court's curative instruction after Petitioner's character was allegedly put into issue because of a witness's reference to Petitioner's unrelated charges. Specifically, during the testimony of Officer Brian Chapman, an investigator with the Beaufort County Sheriff's Department, he testified that a sketch had been circulated throughout the community and Petitioner had been identified as a suspect. [Entry #26-2 at 5–6]. Officer Chapman testified that he went to Petitioner's house to serve a search warrant. *Id.* at 6. Then following colloquy took place:

> Solicitor: Was the defendant present?
>
> Chapman: He was. Initially he was—the reason we served the search warrant, he was arrested for unrelated charges, and then the search warrant was served after his arrest.
>
> Solicitor: Did you advise the defendant of his Miranda rights?
>
> Chapman: I did.
>
> Defense Counsel: Objection, Your Honor. Side bar.
>
> The Court: All right.

(A bench conference was held off the record in the presence of the jury, but out of the hearing of the jury.)

The Court: Ms. Rutledge, if you'll make a note on your tape where you are right now for my benefit, please. All right.   You may proceed.

Solicitor: Thank you, Your Honor.

[Entry #26-2 at 6–7].

The State continued with the direct examination of Officer Chapman. Later, the Solicitor asked Officer Chapman if he had been able to obtain a DNA sample from Petitioner, and Officer Chapman replied:

Officer Chapman: He was in the Beaufort County Detention Center . . .

Defense Counsel: Objection, Your Honor.

The Court: All right. The jury will disregard where he was, just tell how you came to get the sample. The first part of that statement will be stricken.

*Id.* at 13.

The court then excused the jury while the State proffered testimony on the circumstances of obtaining Petitioner's DNA.   Ultimately, Petitioner's counsel entered a stipulation that the DNA obtained was that of Petitioner.

On direct appeal, Petitioner raised the issue of the trial court's error in denying his motion for a mistrial, and the Court of Appeals denied relief.

At PCR, Petitioner alleged trial counsel was ineffective in failing to timely object to the testimony concerning his arrest on unrelated charges. The PCR court found this allegation to be without merit, as follows:

> This Court finds that counsel was not ineffective for failing to timely object to Officer Chapman's testimony regarding Applicant's unrelated charges. Counsel objected after another question was asked and answered. In addition, Officer Chapman did not specify what the unrelated charge was. The trial judge then gave a curative instruction for the jury to disregard any reference to Applicant's unrelated charges, which cured any alleged error. This Court finds that counsel's failure to timely object to Officer Chapman's testimony did not affect the outcome of the trial.

[Entry #26-3 at 158]. The PCR court likewise found that counsel's testimony was credible and Petitioner's was not. *Id.*

The PCR court found that counsel was not ineffective for failing to timely object to Officer Chapman's testimony regarding Petitioner's unrelated charges. The Court noted counsel objected after another question was asked and answered. Officer Chapman had not specified the nature of the unrelated charge. The PCR court noted the trial judge's curative instruction to disregard any reference to Petitioner's unrelated charges, which the PCR Court found cured any alleged error. *State v. Harris*, 674 S.E.2d 532 (S.C. App. 2009), *cert. denied* ("It is well known '[a] curative instruction to disregard incompetent evidence and not consider it during deliberation is deemed to have cured any error in its admission.'"). Respondent also notes that the trial court gave a second similar curative instruction to the jury in its final instructions before the jury began to deliberate that the jury could not consider anything stricken from the record in reaching a verdict. [Entry #26-2 at 161–62].

Petitioner cannot satisfy the *Strickland* test. The court cannot find that there was a substantial likelihood the result of Petitioner's trial would have been different had trial counsel entered the reports into evidence. In light of the evidence of Petitioner's guilt of

kidnapping and CSC 1st, including the victim's testimony, the DNA evidence found at the scene and on the victim, the testimony of the workers, and Petitioner's incriminating statements to police, the PCR court reasonably found that counsel's failure to timely object to Officer Chapman's testimony or the curative instruction did not affect the outcome of the trial under *Strickland*. Petitioner has failed to overcome the doubly deferential standard of review accorded the state court's determination of this issue of ineffective assistance of counsel under *Harrington*. Petitioner has not shown that the state court's analysis of this issue misapplied clearly established federal law or, even if there was an error, that it was unreasonable. *See Williams*, 529 U.S. at 410. Based on the foregoing, Petitioner is not entitled to federal habeas relief on this ground, and it is recommended that it be dismissed.

IV.    Conclusion and Recommendation

        For the foregoing reasons, the undersigned recommends that Respondent's motions for summary judgment [Entry #25, #34] be granted. Further, it is recommended that Petitioner's motion for an evidentiary hearing [Entry #30] be denied.

        IT IS SO RECOMMENDED.

*Shiva V. Hodges*

April 22, 2014                                    Shiva V. Hodges
Columbia, South Carolina                          United States Magistrate Judge

        **The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.   Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.   "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"   *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.   28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*   Fed. R. Civ. P. 6(a), (d).   Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**   28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).