IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Nathaniel Johnson a/k/a Nathaniel Johnson, )
Jr., #211574, )
 )
                Petitioner, )          No. 1:13-cv-1794-RMG
 )
     v. )
 )          **ORDER**
Warden Joseph McFadden, )
 )
                Respondent. )
_____)

This matter comes before the Court on the Report and Recommendation of the Magistrate Judge ("R&R") recommending that the Court grant Respondent's motions for summary judgment and deny Petitioner's motion for an evidentiary hearing. (Dkt. No. 40). As set forth below, the Court agrees with and adopts the R&R as the order of the Court.

## Background

Petitioner, a state prisoner proceeding pro se, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. No. 1). Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) DSC, this matter was automatically referred to a United States Magistrate Judge for pretrial proceedings. Respondent then filed a motion for summary judgment. (Dkt. No. 25). Petitioner then filed a response in opposition to the motion and a motion for evidentiary hearing. (Dkt. No. 30). Respondent then filed an amended motion for summary judgment because Petitioner filed a second application for post-conviction relief. (Dkt. No. 34). Petitioner then filed a response to the second motion for summary judgment. (Dkt. No. 37). The Magistrate Judge then issued the present R&R. (Dkt. No. 40). Petitioner then filed timely objections to the R&R. (Dkt. No. 43).

1

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

## Discussion

After review of the record, the R&R, and Petitioner's objections, the Court finds the Magistrate Judge applied sound legal principles to the facts of this case and therefore agrees with and adopts the R&R as the order of the Court. The Court agrees with the Magistrate Judge that all the grounds raised in Petitioner's habeas petition are procedurally defaulted save for his argument that trial counsel was ineffective for failure to object to the trial judge's curative instruction after Petitioner's character was allegedly put in issue. The Court, however, agrees with the Magistrate Judge's analysis that Petitioner cannot satisfy *Strickland*'s standard on this issue.

In his objections, Petitioner concedes that many of his grounds for relief are procedurally defaulted, but argues that this Court should consider them pursuant to *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). That case provides that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.* at 1315. "To overcome the default, a prisoner must also

demonstrate that the underlying ineffective-assistance-of-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Id.* at 1318.

Petitioner's grounds for relief included in his federal habeas petition are:

Ground One: False imprisonment, insufficient evidence to convict.

> Supporting facts: I am not guilty as charge and the supporting facts are evidence of DNA. Kidnapping should have just been Trespassing. Improper chain of custody handling of DNA evidence and blood sample from defendant. CSC 1st should have been 1st degree Assault and Battery or Assault Battery with a High and Aggravated Nature.

Ground Two: Improper Chain of Custody with DNA evidence and Blood Sample.

> Supporting facts: Counsel's failure to contemporaneously object to chain of custody, failure to suppress evidence and stipulate on material factors most favorable to defendant, prejudice the outcome of defendant's case.

Ground Three: Actual prejudice of all court appointed attorneys. Failure to properly raise issues, contemporaneously object or preserve issue for review.

> Supporting facts: Violation of my Sixth Amendment to the U.S. Constitution the right to effective assistance of counsel. Lack of effective assistance, contemporaneous objections, and failure to preserve issues on record for review was indeed prejudice. Therefore, probative value outweighted the outcome of my case.

Ground Four: Prosecutorial misconduct, violations of my Fourth, Fifth, Sixth, and Fourteenth Amendment. Lack of evidence to convict.

> Supporting facts: Prosecutor's improper statement during closing argument. Insufficient evidence to convict. Not guilty argument. Insufficient evidence to convict. Not guilty as charged. No plea agreements, violations of due process under the equal protection of law status.

(Dkt. No. 1 at 4-9).

The Court finds that Petitioner cannot establish cause for his procedural default under *Martinez*. By its terms, *Martinez* is limited to claims asserting ineffective assistance of trial counsel. Thus, *Martinez* is inapplicable to Petitioner's first and fourth grounds because they do

3

not assert ineffective assistance of counsel. However, Petitioner's second and third grounds do mention ineffective assistance, and thus *Martinez* possibly could enable Petitioner to establish cause for his default. As stated above, *Martinez* requires that the defaulted ineffective-assistance claim must be a meritorious one. A meritorious ineffective-assistance-of-counsel claim must demonstrate two things: first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668 (1984).

Petitioner has not satisfied either prong of the *Strickland* test regarding the second and third grounds of his petition. Petitioner's arguments are mostly general and conclusory in nature and plainly fail to raise a claim for ineffective assistance. However, Petitioner does appear to raise one specific claim regarding trial counsel's failure to object to "chain of custody." Petitioner cites to page 188 of the transcript as support. (Dkt. No. 43 at 10). However, it is clear from review of that page and the surrounding pages in the transcript that Petitioner's argument lacks merit. Trial counsel in fact did contest the chain of custody regarding Petitioner's DNA and refused to stipulate to this issue. (Tr. at 188). Thus, Petitioner's argument that his trial counsel failed to object to the chain of custody lacks merit.

## Conclusion

As set forth above, the Court agrees with and adopts the R&R as the order of the Court. (Dkt. No. 40). Accordingly, the Court grants Respondent's motions for summary judgment, (Dkt. Nos. 25, 34), and denies Petitioner's motion for an evidentiary hearing, (Dkt. No. 30).

## Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

4

> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is DENIED.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

May 12, 2014
Charleston, South Carolina

5